IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIRK MEIER,

          Plaintiff,

v.                             CIVIL ACTION NO.  2:09-cv-00409

ACTAVIS TOTOWA, LLC,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's counsel's motion for relief from monetary sanctions [Dckt. 17].

On February 22, 2010, I entered an order denying defendants' motion for an order to show cause why plaintiff's case should not be dismissed for failure to provide sufficient responses to plaintiff's fact sheet ("PFS").  I directed in the same order that plaintiff's counsel provide to the defendants an executed copy of Exhibit A to PTO 34, which grants the plaintiff's attorney the authority to act as personal representative to obtain records relating to a deceased in cases where no estate has been opened, in order to cure the last remaining deficiency in the PFS. Plaintiff's counsel was given notice that failure to respond would result in the imposition of monetary sanctions.

The defendants notified the court that plaintiff's counsel did not provide the executed copy of Exhibit A by the court imposed deadline as directed.  Plaintiff's counsel had not, at that time, made any attempt to show, pursuant to Rule 16(f)(2), that his non-compliance was substantially

justified or that other circumstances would make an award of expenses unjust. Accordingly, on March 5, 2010, I ordered a monetary sanction in the amount of $200.00 to be paid by plaintiff's representative counsel to defendants' lead counsel no later than March 15, 2010. I further ordered plaintiff's counsel to show cause in writing no later than March 19, 2010, why this civil action should not be dismissed without prejudice for failure to prosecute.

On March 24, 2010, plaintiff's counsel untimely filed the instant motion for relief from my March 5, 2010 order. Plaintiff's counsel asserted that: 1) the plaintiff had fully and completely complied with PTO 16; 2) plaintiff had no obligation under PTO 34; 3) plaintiff had already supplied the defendants with the records at issue; 4) plaintiff had actively litigated this case and 5) plaintiff had fully and timely complied with all other requirement in this case. Plaintiff's counsel argued that under Louisiana law, certain relatives of a decedent, specifically including the children, are entitled to bring wrongful death lawsuits without the appointment of an executor or succession proceeding and the decedent's son had done so in this case. He further argued that Louisiana law entitles the specified family relations all powers necessary to prosecute their case including obtaining medical and pharmacy records. Plaintiff's counsel asserted that Kirk Meier, son of the decedent Robert Meier, had completed the required PFS on May 22, 2009, and included all required signed authorization forms, as well as a death certificate listing Kirk Meier as the "informant" for his father. Plaintiff's counsel argues that these forms should have enabled the defendants to obtain any healthcare record of the father Robert Meier and thus the defendants had everything they needed. At the defendants' request, Kirk Meier had also supplied a signed copy of the specified Walgreens' authorization form on January 4, 2010. Plaintiff's counsel concludes that all such actions bring the plaintiff into full compliance with PTO 16 and the request for an executed copy

of Exhibit A to PTO 34 was and still is unnecessary. Lastly, plaintiff's counsel argues that the pharmacy records from the only pharmacy listed on the PFS are from a provider subject to Louisiana law and the plaintiff supplied a complete copy of these 37 pages of pharmacy records spanning the period from January 1, 2005 through December 20, 2007 with the PFS in May 2009. On March 25, 2010, plaintiff's counsel sent to defendants' counsel a copy of the succession papers for Robert Meier and an executed copy of Exhibit A to PTO 34 "out of an abundance of caution."

Within the memorandum in support of relief, plaintiff's counsel offered little more than a statement that the failure to respond to the court's February 22, 2010, or March 5, 2010, orders was "inexcusable" and "purely an oversight." To support this point they argue that they were not expecting this matter to still be an issue after submitting the new signed Walgreens' authorization form to the defendants on January 4, 2010. They assert that defense counsel did not send its moving papers to plaintiff's counsel and they "simply did not notice the ECF notifications for the Court's orders." Having responded "immediately" when the "oversight" was brought to their attention they seek relief from payment of the monetary sanction primarily because they argue the defendants had no legitimate basis to bring the matter before the court in the first place and the defendants should be held responsible for costs they incurred in doing so.

The defendants timely responded to plaintiff's motion for relief. They concede that the plaintiff timely provided a PFS, but argue that when they took the available information to Walgreens, the pharmacy would not release records until the plaintiff provided documentation showing that Kirk Meier was the authorized representative for Robert Meier's estate. The defendants argue they informed the plaintiff by letter of this impediment on October 16, 2009, and suggested that the plaintiff provide either documentation of estate representation or, alternatively,

an executed copy of Exhibit A to PTO 34. Plaintiff's counsel acknowledged receipt of defendants' letter on October 21, 2009, but did not respond to it until January 2010 with a new Walgreens' authorization signed by the plaintiff Kirk Meier, unaccompanied by any letters of authority or the PTO 34 attachment.

As to plaintiff's argument that the defendants had previously received all of Robert Meier's pharmacy records with the PFS, the defendants respond first that they are entitled to confirm this fact by receiving records directly from Walgreens and they need not forego discovery based on plaintiff's assurance. They further add that the PFS indicates Robert Meier started taking Digitek in 2003 but no pharmacy records were provided earlier than 2006. Thus there is a question as to whether or not all of the pharmacy records have in fact been provided.

I find that the plaintiff's failure to provide letters of authority or an executed copy of Exhibit A to PTO 34 unnecessarily delayed the defendants' ability to examine pertinent pharmacy records. The defendants had to expend time and resources to obtain what could have been easily provided some time ago after several opportunities to respond over a nearly five month period. The documentation was produced only after the court imposed sanctions. Plaintiff's counsel's untimely argument as to what they provided having been what "should" have enabled defendants to obtain the pharmacy records completely ignores the fact that it was clearly explained to them that Walgreens required further documentation. Simply providing the requested information would have ended this matter at that point.

Failure to produce the requested documentation aside, plaintiff's counsel ignored two court orders and the deadlines set within them. This is reason enough for sanctions. Plaintiff's counsel cannot blame defendants for not providing him with adequate notice of the court's orders when, as

the defendants point out, those orders unquestionably arrived via the official channel of the ECF system. Plaintiff's counsel concedes that the failure to timely respond was "inexcusable" and I agree.

Accordingly, I **DENY** plaintiff's motion for relief and **ORDER** that the $200.00 sanction be paid by plaintiff's representative counsel in full to defendants' lead counsel **no later than May 19, 2010**. Failure to respond to pretrial orders or any other orders of the court in the future will result in more severe sanctions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      May 12, 2010

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge